[Cite as *In re Adoption of A.S.*, 2011-Ohio-1505.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| IN THE MATTER OF THE ADOPTION OF: | JUDGES: Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. |
| A. S. | Hon. John W. Wise, J. |
| | Case No. 10-CA-140 |

O P I N I O N


CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Probate Division, Case No. 2010-1091


JUDGMENT:      Affirmed


DATE OF JUDGMENT ENTRY:      March 25, 2011


APPEARANCES:

For Appellant

TITUS G. DONNELL
503 South Front Street
Suite 254
Columbus, OH 43215

For Appellee

W. SCOTT HAYES
195 East Broad Street
P.O. Box 958
Pataskala, OH 43062

*Farmer, J.*

{¶1}   On September 28, 2010, appellee, Bryce Sesher, filed a petition for a stepparent adoption of A. S., a minor child.  Mother of the child is Ashli Walker, nka Ashli Sesher; biological father is appellant, John Kirkbride, Jr.  On November 1, 2010, appellant filed an objection to the petition.

{¶2}   A hearing was held on November 23, 2010.  By judgment entry filed same date, the trial court found appellant's consent was not necessary as he had failed to provide more than de minimus contact with the child and failed to provide maintenance and support for the child for a period of one year immediately preceding the filing of the petition or the placement of the minor in the home of the petitioner.  A final decree of adoption was filed on November 23, 2010 wherein the trial court found it was in the child's best interest to grant the petition.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶4}   "RESPONDENT/APPELLANT FATHER HAD JUSTIFIABLE CAUSE FOR FAILING TO PROVIDE SUPPORT FOR A.S. DURING THE ONE-YEAR PERIOD IMMEDIATELY PRECEDING THE FILING OF THE ADOPTION PETITION BECAUSE THE FRANKLIN COUNTY JUVENILE COURT ORDER PLACING RESPONDENT/APPELLANT FATHER'S CHILD SUPPORT ORDER AT ZERO ALLEVIATED RESPONDENT/APPELLANT FATHER'S STATUTORY SUPPORT OBLIGATION."

II

{¶5} "THE SUPPORT OFFERED BY MR. KIRKBRIDE'S PARENTS DURING THEIR COURT ORDERED VISITATION CAN BE IMPUTED TO MR. KIRKBRIDE AND IS SUFFICIENT TO REQUIRE HIS CONSENT FOR THE ADOPTION OF A.S."

III

{¶6} "THE PETITIONER/APPELLEE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT RESPONDENT/APPELLANT FAILED TO COMMUNICATE WITH A.S. DURING THE YEAR IMMEDIATELY PRECEDING THE FILING OF THE ADOPTION PETITION."

I, II, III

{¶7} Appellant claims the trial court erred in finding his consent was not required for the adoption petition pursuant to R.C. 3107.07. We disagree.

{¶8} An appellate court will not disturb a trial court's decision on an adoption petition unless it is against the manifest weight of the evidence. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson,* 66 Ohio St.3d 610, 1993-Ohio-9.

{¶9} R.C. 3107.07 governs "[c]onsents not required," and states the following:

{¶10} "Consent to adoption is not required of any of the following:

{¶11} "(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{¶12} "Pursuant to R.C. 3107.07(A), the petitioner for adoption has the burden of proving, by clear and convincing evidence, both (1) that the natural parent has failed to support the child for the requisite one-year period, and (2) that this failure was without justifiable cause. (*In re Adoption of Masa* [1986], 23 Ohio St.3d 163, 23 OBR 330, 492 N.E.2d 140, paragraph one of the syllabus, followed.)" *In Re Adoption of Bovett* (1987), 33 Ohio St.3d 102, paragraph one of the syllabus.

{¶13} Pursuant to judgment entry finding consent not required filed November 23, 2010, the trial court based its decision on appellant's failure to "provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the petition" and failure to "provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition."

{¶14} Appellant argues the trial court failed to consider that his lack of support for the child was justifiable, as he was ordered to pay $0.00 in child support per a Franklin County paternity action (Case No. 08JU-07-10133):

{¶15} "<u>EFFECTIVE 2/9/09</u>, AND ANY TIME AFTERWARD <u>THAT PRIVATE HEALTH INSURANCE IS IN EFFECT</u>, THE FOLLOWING ORDERS SHALL APPLY:

{¶16} "1. DEFENDANT SHALL PAY CHILD SUPPORT IN THE AMOUNT OF $0.00 PER MONTH, PLUS PROCESSING CHARGE, FOR THE MINOR CHILD PURSUANT TO THE CHILD SUPPORT WORKSHEET.

{¶17} "***

{¶18} "<u>EFFECTIVE 2/9/09</u>, AND ANY TIME AFTERWARD <u>THAT PRIVATE HEALTH INSURANCE IS NOT IN EFFECT</u>, THE FOLLOWING ORDERS SHALL APPLY:

{¶19} "1. DEFENDANT SHALL PAY CHILD SUPPORT IN THE AMOUNT OF $0.00 PER MONTH, PLUS PROCESSING CHARGE, <u>AND</u> $0.00 PER MONTH IN CASH MEDICAL SUPPORT, PLUS PROCESSING CHARGE, PURSUANT TO THE CHILD SUPPORT WORKSHEET, FOR THE ONE (1) MINOR CHILD."

{¶20} Appellant argues because there was no judicial decree ordering him to provide child support, he was released from the obligation. Although this is true, R.C. 3107.07 is written in the conjunctive. It is the failure to provide for the maintenance and support of the child as required by law *or* judicial decree. The Franklin County order satisfies the failure to support as required by judicial decree; however, appellant was still under a statutory duty to support his child:

{¶21} "(A) No person shall abandon, or fail to provide adequate support to:

{¶22} "(2) The person's child who is under age eighteen, or mentally or physically handicapped child who is under age twenty-one." R.C. 2919.21(A)(2). R.C. 2919.21(D) provides the following affirmative defense:

{¶23} "It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means."

{¶24} It is appellant's position that because he was in prison, he was unable to provide support for the child.[1]  However, appellant made no attempt "within his means" to provide support.

{¶25} Appellant also argues his parents have a companionship order with the child (Franklin County Case No. 09JU-5859), and therefore they provide de facto support for their one day a month visit with the child.  R.C. 2919.21(F) addresses this argument:

{¶26} "It is not a defense to a charge under division (B) of this section that the person whom a court has ordered the accused to support is being adequately supported by someone other than the accused."

{¶27} The real issue is whether appellant's incarceration is sufficient to establish "justifiable cause."  The facts in this case are strikingly similar to the facts in *Askew v. Taylor,* Stark App. No. 2004CA00184, 2004-Ohio-5504.  In *Askew,* the biological father was incarcerated on two counts of felony child endangering as a result of injuring his children.  The appellant sub judice was incarcerated on one count of felonious assault and one count of child endangering involving A. S.  The *Askew* court held the following at ¶15:

---

[1]On December 14, 2007, appellant was sentenced to serve nine years in prison (Franklin County Case No. 07CR-01-683).

{¶28} "As a result of appellant's criminal behavior, the Stark County Court of Common Pleas, Family Court Division, entered an order prohibiting appellant from having contact with his children. As noted by appellee, appellant 'created his own circumstances and should not be allowed to benefit from the consequences of this.' Appellant's own violent acts caused both the subsequent lack of support for and contact with DeVaughnte. See *Frymier* [*v. Crampton,* Licking App. No. 02 CA 8, 2002-Ohio-3591], supra. Under the specific facts and circumstances of this case, we find that, the trial court's determination that appellant's consent to the adoption was not required was proper."

{¶29} Apart from the language of *Askew*, appellant made no attempt to support his child. We conclude despite the lack of a judicial decree, appellant was still obligated under the law to provide support to his child which he failed to do.

{¶30} Appellant also argues the trial court erred in finding he failed, without justifiable cause, to "provide more than de minimis contact with the minor for a period of at least one year immediately preceding the filing of the petition." In support, appellant points to the testimony of the child's mother, Ashli Sesher. Mrs. Sesher testified the paternal grandparents took the child to visit appellant in jail when the child was nine months old. T. at 15. At the time of the filing of the petition, the child was two years old. Mrs. Sesher also testified to an occasional comment in a letter to "Tell [A. S.] hi" when the child was six months old. T. at 15-16. Appellant argues the following testimony established contact:

{¶31} "Q. Okay. Was there any contact prior to - - excuse me, after June of '08?

{¶32} "A. Not that I am aware of.

{¶33} "Q. Prior to that were you aware of any other contact other than the one at the jail?

{¶34} "A. He would call the house, their house, and they would - - I'm sure, let them speak to him - - let her speak to him.

{¶35} "Q. Okay.  You're not aware of - -

{¶36} "A. I'm not.

{¶37} "Q. - - when this happened.  Okay.  Has there been any kind of gifts made from him?

{¶38} "A. No.

{¶39} "Q. Money?

{¶40} "A. No.

{¶41} "Q. Other payments?

{¶42} "A. Nope.

{¶43} "Q. Any other kinds of contact?

{¶44} "A. No."  T. at 16.

{¶45} We find this exchange does not establish any contact, but indicates Mrs. Sesher's lack of knowledge of any particular contact.  There is no other testimony in the record affirmatively establishing any contact by appellant with A. S.

{¶46} Upon review, we conclude the trial court's decision that appellant neither supported nor contacted the child without justifiable cause is substantiated by the record.

{¶47} Assignments of Error I, II, and III are denied.

{¶48} The judgment of the Court of Common Pleas of Licking County, Ohio, Probate Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Wise, J. concur.


s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES


SGF/sg 315

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF THE                    :
ADOPTION OF:                            :
                                        :
A. S.                                   :          JUDGMENT ENTRY
                                        :
                                        :
                                        :          CASE NO. 10-CA-140


       For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, Probate Division is affirmed.  Costs to appellant.


s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES