[Cite as *In re H.S.*, 2013-Ohio-2155.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

IN THE MATTER OF: H.S.      :

:          CASE NO. CA2013-02-012

:

O P I N I O N
:        5/28/2013

:

APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. 2010JC04122

Matthew V. Faris, 40 South Third Street, Batavia, Ohio 45103, Guardian Ad Litem

Dever Law Firm, Scott A. Hoberg, 9146 Cincinnati-Columbus Road, West Chester, Ohio 45069, for appellant

D. Vincent Faris, Clermont County Prosecuting Attorney, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

**S. POWELL, J.**

{¶ 1} Appellant, the biological mother of H.S., appeals a decision of the Clermont County Court of Common Pleas, Juvenile Division, granting permanent custody of the child to the Clermont County Department of Job and Family Services.

{¶ 2} Appellant, who is serving a four-year sentence for child endangering, gave birth to H.S. while in prison. The child was placed in the emergency custody of Clermont County Department of Job and Family Services. A dependency complaint indicated that appellant

was initially charged with involuntary manslaughter and two counts of child endangering for her role in the death of her first child. The complaint further indicated that appellant is serving a four-year sentence after pleading guilty to one count of child endangering. H.S. was adjudicated a dependent child and temporary custody was granted to the agency. Paternity was established and case plan services were provided to the father. Reunification with the father was not successful, and the father surrendered his parental rights.

{¶ 3} The agency filed for permanent custody of H.S. on May 17, 2012, alleging that the child could not be placed with either of her parents within a reasonable time and that permanent custody was in the child's best interest. Appellant filed a motion requesting to be conveyed from Dayton Correctional Institution to the permanent custody hearing. The court denied the motion, and indicated that the mother's testimony could be presented by alternate means, such as a deposition, and a continuance would be granted if necessary.

{¶ 4} At the hearing, appellant was represented by counsel, who cross-examined the agency's witnesses. Appellant's testimony was not presented, nor mentioned at the hearing. The magistrate granted the agency's motion for permanent custody. Appellant filed objections to the magistrate's decision, including an objection to the court's failure to convey her to the hearing. The trial court overruled the objections and adopted the magistrate's decision.

{¶ 5} Appellant now appeals the trial court's decision to grant permanent custody of H.S. to the agency and raises a single assignment of error for our review:

{¶ 6} IN AN ACTION PERMANENTLY STRIPPING A MOTHER OF CUSTODY OF HER DAUGHTER, THE TRIAL COURT ERRED IN DENYING THE MOTHER'S MOTION TO CONVEY TO ALLOW HER TO ATTEND THE TRIAL; DEPRIVING HER OF HER RIGHT TO DUE PROCESS.

{¶ 7} Because the right to raise one's child is a recognized as a fundamental right,

parents are entitled to due process when the state seeks to terminate this relationship through permanent custody proceedings. *Santosky v. Kramer*, 455 U.S. 745, 753, 102 S.Ct. 1388; *In re Hayes*, 79 Ohio St.3d 46, 48. The basic consideration of due process is whether the person had the opportunity to be heard at a meaningful time and in a meaningful manner. *Matthews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893 (1976); *In re J.M.*, 12th Dist. No. CA2008-01-004, 2008-Ohio-6763. Due process of law "implies in its most comprehensive sense, the right of the person affected * * * to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of the right involved." *Williams v. Dollison*, 62 Ohio St.2d 297 (1980). Due process "is flexible and calls for such procedural protections as the particular situation demands." *Matthews* at 334.

{¶ 8} While an incarcerated individual does not have an absolute right to appear in a civil case in which she is a party, that same parent has a fundamental parental right with regards to her children. *In re Sprague*, 113 Ohio App.3d 274 (12th Dist.1996). Generally, there is no due process violation when an incarcerated parent does not appear at a parental rights termination hearing, as long as the parent has alternate means of participating. *In re S.F.T.*, 12th Dist. Nos. CA2010-02-043, CA2010-02-044, CA2010-02-045, CA2010-02-046, 2010-Ohio-3706.

{¶ 9} In determining whether a parent's due process rights were violated in a parental rights termination hearing, courts apply the test set forth by the United States Supreme Court in *Matthews v. Eldridge*. *See e.g., Sprague* at 276; *In re C.M.*, 9th Dist. CA Nos. 23606, 23608, 23609, 2007-Ohio-3999. Under this test, courts must consider and weigh: 1) the private interest affected; 2) the risk of erroneous deprivation and the probable value of additional safeguards; and 3) the governmental burden of additional safeguards. *Matthews* at 335.

{¶ 10} With regard to the first factor, as indicated above, a parent has a fundamental right to raise her child. With regard to the second factor, in this case, the risk of erroneous deprivation was low. Appellant was incarcerated for the death of her first child and was serving a four-year sentence. She has not had contact with H.S. since birth. She was represented by counsel at the permanent custody hearing. A full record of the proceedings was made and appellant had the opportunity to present testimony by alternate means, with the court indicating it would grant a continuance for this purpose if necessary. This court has previously held there is no due process violation under nearly identical factual circumstances. *See Sprague.*

{¶ 11} Although appellant argues that she was indigent and could not afford to provide a deposition, nothing in the record indicates appellant made any type of request to the trial court in regards to payment of the deposition costs. In addition, appellant could have used other, less-costly, means to present testimony, such as an affidavit. *See In re Adoption of Rogers*, 11th Dist. No. 2002-T-0171, 2003-Ohio-1424.

{¶ 12} In considering the final *Matthews* factor, we note that appellant argues the cost of transport from Dayton to Clermont County would not be considerable, and that she was not a safety risk. However, in any transport some cost and safety interest exists. In considering and weighing this factor along with the other *Matthews* factors, we find appellant's due process rights were adequately protected. Accordingly, the trial court did not err in denying appellant's request to convey her to the hearing.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.