[Cite as *In re Adoption of Z.A.*, 2016-Ohio-3159.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN THE MATTER OF: THE ADOPTION OF Z.A. - O.J. | : | JUDGES: |
|  | : | Hon. Sheila G. Farmer, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
|  | : | Hon. William B. Hoffman, J. |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | Case No. 16-CA-05 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Civil appeal from the Licking County Court
of Common Pleas, Probate Division, Case
No. 20155108

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 25, 2016

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

KAREN H. WENTWORTH            THOMAS CRISCO
20 1/2 N. PARK PLACE BOX 4805
NEWARK, OH 43058

*Gwin, J.*

{¶1}   Father/appellant appeals the December 29, 2015 and January 4, 2016 judgment entries of the Licking County Court of Common Pleas, Probate Division, granting Stepfather/appellee's petition to adopt Z.A.-O.J. without Father/appellant's consent.

*Facts & Procedural History*

{¶2}   Z.A.-O.J., born August 20, 2007, is the biological child of appellant/Father, T.C.  The child's mother, A.J., is married to appellee, J.J., the child's stepfather.  On October 28, 2015, appellee filed a petition to adopt Z.A.-O.J.  Appellee alleged that appellant's consent for the petition to adopt was not required because appellant failed, without justifiable cause, to have de minimus contact with the child for at least a year preceding the petition and/or failed, without justifiable cause, to provide for the maintenance and support of the child as required by law or judicial decree for at least a year preceding the petition.  A.J. consented to the adoption, but appellant objected.

{¶3}   On October 28, 2015, the trial court issued a judgment entry setting a hearing and ordering notice pursuant to R.C. 3107.11.  Notice of the hearing was sent to appellant at the Southeastern Correctional Institution by certified mail, which was returned signed on November 20, 2015.  The notice was a completed copy of Probate Form 18.2.  On November 30, 2015, appellant filed a motion to convey.  Appellant also filed multiple ex parte letters with the trial court.

{¶4}   The trial court held the adoption hearing on December 29, 2015.  The trial court first held a hearing on the issue of consent and found the consent of appellant was not necessary.  Immediately after the consent hearing, the trial court conducted a hearing

as to the best interest of the child. The report of the certified adoption assessor, filed with the trial court, stated the assessor recommended the trial court grant the adoption. The trial court determined it was in the best interest of the child to grant appellee's adoption petition.

{¶5} On December 29, 2015, the trial court issued a judgment entry finding appellant's consent was not required because he failed, without justifiable cause, to: (1) provide more than de minimus contact with the child and (2) provide for the maintenance and support of the child as required by law or judicial decree, for a period of at least one year immediately preceding the filing of the adoption petition. The trial court stated in its judgment entry that appellant has been in prison since 2009 and his sentence does not expire until 2018. Further, appellant has had no contact with the child since October 2008. The trial court stated while there was no child support order, there was a common law duty of support and there was no gifts or support to the child. The trial court issued a final decree of adoption on December 29, 2015.

{¶6} On January 4, 2016, the trial court issued findings in accordance with its December 29th entries. The trial court stated A.J. was never married to appellant. Appellee married A.J. in 2012 and appellee and the child have bonded with one another. The trial court further stated the child does not know appellant because appellant has not seen the child since October 3, 2008, a period which exceeds seven (7) years. The trial court found appellant has not provided any financial support for the child since October 3, 2008. The trial court determined that, despite the lack of judicial decree ordering support, appellant had a common law duty to provide financial support even if this support

was minimal because of his incarceration. Appellant provided no gifts, birthday, or Christmas cards.

{¶7} The trial court found appellant's prison sentence does not expire until September 20, 2018 and appellant had no contact with the child since October 3, 2008; no correspondence, no telephone calls, and no e-mails via JPAY. Further, the trial court stated there was no evidence presented that appellant attempted to obtain court-ordered visitation. The trial court found the fact that appellant had been in jail and then in prison was as a result of his own wrongdoing and therefore, was not justifiable cause for the failure to communicate or support. The trial court considered appellee's Exhibits 1, 2, and 3, which were certified copies of judgment entries of conviction of appellant from the Franklin County Court of Common Pleas, with two of these felony convictions for appellant having committed offenses of violence. The trial court stated that, as a matter of law and pursuant to the Rules of Evidence, it could not consider the ex parte letters sent by appellant to the court, other than for the fact that appellant did not consent to the adoption. The trial court also found letters sent by others on appellant's behalf were inadmissible hearsay.

{¶8} Appellant appeals the December 29, 2015 and January 4, 2016 judgment entries of the Licking County Court of Common Pleas, Probate Division, and assigns the following as error:

{¶9} "I. THE TRIAL COURT ERRED IN FINDING CAUSE FOR NON-SUPPORT AND NON-CONTACT JUSTIFIABLE UNDER R.C. 3107.07(A).

{¶10} "II. THE COURT ERRED BY DENYING DUE PROCESS TO CONTESTING PARENT BY NOT ALLOWING TESTIMONY, DEPOSITION, THE OPPORTUNITY TO

PRESENT ADDITIONAL EVIDENCE, CROSS EXAMINATION OF THE EVIDENCE AGAINST ME THEREFORE DENYING ME MY RIGHT TO BE HEARD.

{¶11} "III. THE COURT ERRED IN NOT AFFORDING BIOLOGICAL PARENT WITH PROCEDURAL RIGHT TO CONTEST ISSUE OF BEST INTERESTS OF THE CHILD.

{¶12} "IV. THE COURT ERRED BY APPLYING THE WRONG BURDEN OF PROOF.

{¶13} "V. THE COURT ERRED IN NOT FINDING PETITIONER'S PROOF OF INCARCERATION AS SOLE REASONING FOR FAILURE TO COMMUNICATE AND SUPPORT BEING AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶14} "VI. THE COURT ERRED IN ALLOWING TESTIMONY CONTRADICTIVE TO THE CLAIMS MADE IN THE PETITION."

{¶15} We first note that appellant has failed to file a transcript in accordance with App.R. 9(B). Pursuant to App.R. 9(B)(1), "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." Though the file contained an audio recording of the adoption hearing, it is clear from the Staff Notes to App.R. 9 that while a trial court may choose to record the proceedings through the use of an audio-recording device, "regardless of the method of recording the proceedings, a transcript is required for the record on appeal * * * For parties who cannot afford to have a transcript prepared, existing case law authorizes the use of a statement of proceedings under App.R. 9(C)." 2011 Staff Note, Appellate Rule 9.

{¶16} In this case, appellant did not file a transcript or an App.R. 9(C) statement of proceedings of the hearing held on the petition for adoption. When portions of the transcript or statement of proceedings necessary for resolution of the assigned error are omitted from the record, the reviewing court has nothing to pass on and thus, as to those assigned errors, the court has no choice to presume the validity of the lower court's proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

I.

{¶17} In his first assignment of error, appellant argues the trial court abused its discretion in finding his failure to communicate and/or support was not justifiable. Appellant contends A.J. significantly interfered with his ability to communicate with the child as appellant attempted to contact the child and A.J. refused his calls and letters. Further, that since there was no judicial decree of support and A.J. never requested financial assistance from appellant, the finding that his failure to support was not justifiable was an abuse of discretion. Finally, appellant contends his incarceration provided justifiable cause for any failure to communicate and/or support.

{¶18} The Supreme Court of the United States has recognized that natural parents have a fundamental liberty interest in the care, custody, and management of their children. *Stanley v. Illinois*, 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). A parent's right to raise a child is an essential civil right. *In re Murray*, 52 Ohio S.3d 155, 556 N.E.2d 1169 (1990). An adoption permanently terminates the parental rights of a natural parent. *In re Adoption of Reams*, 52 Ohio App.3d 52, 557 N.E.2d 159 (10th Dist. 1989). Thus, courts must afford the natural parent every procedural and substantive

protection allowed by law before depriving the parent of the right to consent to the adoption of his child. *In re Hayes*, 79 Ohio St.3d 46, 679 N.E.2d 680 (1997).

{¶19} The termination of a natural parent's right to object to the adoption of his or her child requires strict adherence to the controlling statutes. *In re Adoption of Kuhlmann*, 99 Ohio App.3d 44, 649 N.E.2d 1279 (1st Dist. 1994). Ordinarily, the written consent of a minor child's natural parents is required prior to adoption. R.C. 3107.07 provides exceptions to this requirement if the parent of the minor has failed, without justifiable cause, to provide more than de minimus contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding the filing of the adoption petition. R.C. 3107.07(A).

{¶20} Appellee has the burden of proof in this action. "The party petitioning for adoption has the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child during the requisite one-year period and that there was no justifiable cause for the failure of communication." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). "No burden is to be placed upon the non-consenting parent to prove that his failure to communicate was justifiable." *Id.*

{¶21} "Once the clear and convincing standard has been met to the satisfaction of the probate court, the reviewing court must examine the record and determine if the trier of fact had sufficient evidence before it to satisfy this burden of proof." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 481 N.E.2d 613 (1985). The determination of the probate court should not be overturned unless it is unsupported by clear and convincing evidence. *Id.* Clear and convincing evidence is the "measure or degree of proof that will produce in

the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." *In re: Estate of Haynes*, 25 Ohio St.3d 101, 495 N.E.2d 23 (1986).

**{¶22}** With respect to a failure to support, the Ohio Supreme Court stated, "[t]he question of whether justifiable cause for failure to pay child support has been proven by clear and convincing evidence in a particular case is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142.

**{¶23}** Therefore, for appellee to prevail in this adoption proceeding without appellant's consent, he must prove by clear and convincing evidence that: (1) there has been a failure of communication or support by appellant for the one-year period and (2) the failure is unjustified. Appellee must also establish the failure to communicate or support was without justifiable cause. If the petitioner meets his burden of proof, then the natural parent has the burden of going forward with evidence to show some justifiable cause for his or her failure to support or contact the child. However, the burden of proof never shifts from the petitioner. *In re Adoption of Bovett*, 33 Ohio St.3d 102, 515 N.E.2d 919 (1987).

**{¶24}** In its judgment entry, the trial court found appellant's prison sentence does not end until 2018, appellant has not had contact with the child since 2008, and there has been no correspondence, telephone calls, e-mails via JPAY, or attempt to obtain court-ordered visitation. Based upon these findings by the trial court, we find the trial court did not abuse its discretion in determining appellant failed to communicate for the one-year period prior to the adoption petition. As to any evidence or testimony provided at the

hearing, when portions of the transcript or statement of proceedings necessary for resolution of the assigned error are omitted from the record, we have nothing to pass on and thus, as to those assigned errors, we have no choice to presume the validity of the lower court's proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

{¶25} Appellant next contends the trial court erred in finding his failure to maintain and support was not justifiable because there was no judicial decree of support and A.J. never requested financial assistance from appellant. Appellant argues he only made $24 per week at the prison job and this money was used for hygiene items.

{¶26} Although the trial court did find in its judgment entry there was no judicial decree ordering appellant to provide child support, R.C. 3107.07 is written in the conjunctive. It is the failure to provide for the maintenance and support of the child as required by law *or* judicial decree. Thus, appellant was still under a statutory and common law duty to support his child. *In re Adoption of A.S.*, 5th Dist. Licking No. 10-CA-140, 2011-Ohio-1505; R.C. 2919.21(A)(2). It is appellant's position that because he was in prison, he was unable to provide support for the child. However, appellant made no attempts "within his means" to provide support, such as a portion of the money he earns from his employment at the prison. See R.C. 2919.21(D). As noted by the trial court, appellant did not provide any financial support, even if the support was minimal because of his incarceration. Despite the lack of a judicial decree, appellant was still obligated under the law to provide support to this child, which he failed to do. *In re Adoption of A.S.*, 5th Dist. Licking No. 10-CA-140, 2011-Ohio-1505; R.C. 2919.21(A)(2).

{¶27} Finally, appellant argues his incarceration provided justifiable cause for any failure to communicate and/or maintain support. The trial court found appellant was in jail and in prison as a result of his own wrongdoings and this is not justifiable cause for the failure to communicate and/or maintain support. Incarceration alone is not a justifiable excuse, even if it lasts for the entire period considered by the court. *In re D.R.*, 7th Dist. Belmont No. 11 BE 11, 2011-Ohio-4755. Rather, incarceration is only one factor to consider when determining whether a parent has justifiable cause for failing to provide maintenance and support for the child. *Frymier v. Crampton*, 5th Dist. Licking No. 02 CA 8, 2002-Ohio-3591. Here, there is no evidence appellant made an attempt to support his child and there is no evidence he was prevented from providing some support during the period in question. Further, appellant created his own circumstances and his own violent acts caused the subsequent lack of support. See *Askew v. Taylor*, 5th Dist. Stark No. 2004CA00184, 2004-Ohio-5504; *In re Adoption of A.S.*, 5th Dist. Licking No. 10-CA-140, 2011-Ohio-1505; R.C. 2919.21(A)(2).

{¶28} Appellant's first assignment of error is overruled.

II.

{¶29} In appellant's second assignment of error, he contends the trial court erred by not granting his motion to convey to allow him to testify at the adoption hearing and by not permitting him to enter an official deposition.

{¶30} We have frequently noted that an incarcerated prisoner has no absolute due process right to attend a civil trial to which he is a party. *Rachel v. Rachel*, 5th Dist. Stark No. 2012CA00243, 2013-Ohio-3692; *Alexander v. Alexander,* 5th Dist. Muskingum No. CT–6–0061, 2007–Ohio–3933; *Wagner v. Strip,* 5th Dist. Licking No. 11–CA–82, 2012–

Ohio–4954, appeal not allowed, 134 Ohio St.3d 1470, 2013–Ohio–553, 983 N.E.2d 369; *Allen v. Allen,* 5th Dist. Muskingum No. CT2013–0015, 2013–Ohio–2729. Whether a prisoner should be permitted to attend a civil trial to personally argue his case depends upon the particular circumstances of each case. *Abuhilwa v. Board*, 4th Dist. Pickaway No. 08CA3, 2008-Ohio-5326. Further, the decision whether or not to allow an incarcerated party to be present is within the sound discretion of the trial court. *Miklas v. Miklas*, 7th Dist. Belmont No. 14 BE 46, 2015-Ohio-3829. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶31}** The trial court denied appellant's motion to convey him from prison to the hearing, although the trial court did acknowledge that through his ex parte letters, appellant stated he did not consent to the adoption and was objecting to a finding that his consent was not required for the adoption. In his motion to convey, appellant provides no information as to the type of evidence he sought to present if he was conveyed to the hearing. However, appellant indicates in his brief he wished to provide his own testimony that A.J. refused to take his calls and letters he sent to the child through A.J.'s relatives were not given to the child. Appellant also states in his brief he sought to attend the hearing to argue he was not required to provide maintenance and support to the child because there was no judicial decree of support in place.

**{¶32}** Given the type of evidence appellant contends he could have offered, appellant could have presented this testimony via deposition or affidavit. See *In re Joseph P.*, 6th Dist. Lucas No. L-02-1385, 2003-Ohio-2217. Though appellant argues the trial

court erred in not permitting him to submit a deposition, there is no indication in the record appellant attempted to file either an affidavit or a deposition. Nothing in the record indicates appellant made any type of request to the trial court with regards to deposition costs and/or a request to file a deposition or affidavit. See *In re H.S.*, 12th Dist. Clermont No. CA2013-02-012, 2013-Ohio-2155.

{¶33} Further, as detailed above in appellant's first assignment of error, his legal argument regarding the duty of maintenance and support fails. Appellant admits he makes $24.00 per month at a prison work job and he did not send or attempt to send any of this monthly amount to A.J. Simply because there was not judicial decree in place with regards to the maintenance and support of the child does not relieve appellant of this duty. The statutory language at issue does not require a petitioner to demonstrate both the natural parents' failure to support the child and to communicate with the child; the statute is to be read in the disjunctive. *In re Adoption of McDermitt*, 63 Ohio St.2d 301, 408 N.E.2d 680 (1980). Therefore, in light of the fact that appellant's legal argument regarding his failure to maintain and support the child fails, the trial court did not abuse its discretion in denying appellant's motion to convey.

{¶34} Appellant's second assignment of error is overruled.

III.

{¶35} In his third assignment of error, appellant argues the trial court erred in not clearly noting in the notice of hearing that both the issues of consent and best interest would be considered at the December 29, 2015 hearing. Further, appellant contends the trial court erred in not holding a separate best interest hearing.

**{¶36}** The notice of hearing sent to appellant by certified mail stated the consent of appellant is not required because he has failed to communicate with the minor child or provide for the maintenance or support for a period of at least one year. It stated the time and place of the hearing on the petition.

**{¶37}** R.C. 3107.11 requires the publication must give notice of the filing of the petition and must list the time and place of the hearing. The Supreme Court's Rules of Superintendence Standard Probate Forms, Rule 51, Form 18.2, sets forth the form to be used in giving notice of hearing on the petition for an adoption. The notice which was sent to appellant by certified mail is identical to the form promulgated by the Rules. Accordingly, we find the trial court did not err in utilizing the notice as provided by the standard probate forms. *In re Walters,* 5th Dist. Fairfield No. 2005-CA-65, 2005-CA-66, 2006-Ohio-631.

**{¶38}** Additionally, the trial court conducted a separate best interest hearing immediately after the hearing on consent. See *In the Matter of the Adoption of A.S.*, 5th Dist. Licking No. 10-CA-140, 2011-Ohio-1505. The trial court considered the report by the certified adoption assessor in concluding the adoption was in the best interest of the child.

**{¶39}** Appellant's third assignment of error is overruled.

IV.

**{¶40}** In his fourth assignment of error, appellant contends the trial court erred and abused its discretion in not properly applying the burden of proof. In our discussion of appellant's first assignment of error, we outlined the appropriate burden of proof in an adoption case. Upon our review of the trial court's judgment entries, we find the trial court

did not abuse its discretion in its application of the burden of proof in the instant case. Further, any argument as to whether the trial court correctly applied the burden of proof during the adoption hearing is not supported by the record on appeal as we must presume the regularity of the proceedings below. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Appellant's fourth assignment of error is overruled.

V.

{¶41} In his fifth assignment of error, appellant argues the trial court's determination was against the manifest weight of the evidence because appellee only provided evidence of appellant's incarceration, which does not show any lack of communication or support.

{¶42} A judgment that is supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.*, 54 Ohio St.2d 279 (1978). We must give deference to the findings of the trial court since it is in the best position to observe the witnesses and weigh their credibility. *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77 1(1984). Courts have found that imprisonment, along with other factors, can be used to support a finding that a parent's consent is not needed for an adoption. *In re D.R.*, 7th Dist. Belmont No. 11 BE 11, 2011-Ohio-4755.

{¶43} Here, while the trial court did find in its judgment entry that appellant has been in prison since 2009 and will not be released until 2018, the trial court also found he had no contact with the child since on or before October 3, 2008; no correspondence, telephone calls, or e-mails, he did not attempt to obtain visitation, and he did not send

any gifts, birthday, or Christmas cards. Thus, the trial court considered factors other than appellant's incarceration in its determination that appellant's consent was not required.

{¶44} As to appellant's argument that appellee only provided evidence of appellant's incarceration at the adoption hearing, given the lack of transcript or App.R. 9(C) statement, we must presume the regularity of the proceedings below and find the trial court's findings with regard to communicate or support are not against the manifest weight of the evidence. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

VI.

{¶45} In his final assignment of error, appellant argues the testimony of A.J. was contradictory and thus the trial court erred and abused its discretion in finding her testimony credible.

{¶46} The weight to be given to the evidence and the credibility of the witnesses and issues for the trier of fact. *In re T.F.H.*, 5th Dist. Tuscarawas No. 2014 AP 0040; *State v. Jamison*, 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness." *Davis v. Flickinger*, 77 Ohio St.3d 415, 1997-Ohio-260, 674 N.E.2d 1159. Accordingly, the weight to be given to the evidence and credibility of A.J. is an issue for the trial court, and this Court must give deference to the trial court in such determinations. Further, due to the lack of transcript or App.R. 9(C) statement, we must presume the regularity of the proceedings below. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Appellant's sixth assignment of error is overruled.

{¶47} Based on the foregoing, we overrule appellant's assignments of error. The December 29, 2015 and January 4, 2016 judgment entries of the Licking County Court of Common Pleas, Probate Division, are affirmed.

By Gwin, J.,

Farmer, P.J., and

Hoffman, J., concur