**In re DOE.** ■

[Cite as *In re Doe* (1997), 123 Ohio App.3d 505.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 18313.

Decided Oct. 15, 1997.

*John R. Adams,* for appellant.

*Orval R. Hoover* and *Frank J. Sandor III,* for appellee.

SLABY, Judge.

Appellant, the father of a child to be referred to as "John Doe," appeals the order of the Probate Division of the Summit County Court of Common Pleas, ruling that appellant's consent is not required for appellee to adopt appellant's child. We reverse.

John Doe's mother ("Mother") and appellant were married in 1988 and had one child who was born in January 1991. They separated in August 1991. The Summit County Domestic Relations Court issued a temporary order on November 25, 1991, which granted custody of John Doe to Mother. The order gave appellant standard visitation at his mother's house.

The final divorce decree was issued in March 1993. The decree granted custody of John Doe to Mother and granted appellant restricted visitation. Appellant's mother, John Doe's grandmother, was to be present during the

visitations. Appellant filed objections to visitation and other matters delineated in the magistrate's report. In July 1993, appellant's objections were overruled by the court.

In November 1994, appellant agreed to visitation supervised by Carol Miller of Family Visitation and Mediation Services. Appellant visited John Doe on December 13, 1994, and December 19, 1994, in Carol Miller's office. A third meeting was scheduled for December 29, 1994, but Mother and John Doe failed to attend this meeting. In January 1995, appellant moved to alter his visitation rights. Upon the court's request, appellant submitted a visitation plan. The court never responded to appellant's submission.

During June 1995, Mother married appellee. On December 22, 1995, appellee filed a petition to adopt appellant's child. The magistrate of the probate division found that appellant had failed, without justification, to communicate with his child for at least one year and thereby concluded that appellant's consent for adoption was not required. On January 17, 1997, the probate court, over appellant's objections, adopted the magistrate's decision as its order.

Appellant now appeals the probate court's judgment in favor of appellee and raises five assignments of error.

Assignment of Error I

"The trial court erred in finding that appellant failed to communicate with his son for at least one year preceding the filing of the petition for adoption."

Assignment of Error II

"The trial court erred in finding that appellant was without justifiable cause in his alleged failure to communicate with his son."

Assignment of Error III

"The probate court's determination that appellant's alleged failure to communicate with his children was without justifiable cause was against the manifest weight of evidence."

Assignment of Error IV

"The trial court erred in ruling that the consent of the appellant to the adoption is not required."

Assignment of Error V

"The trial court's finding that appellant was without justifiable cause in allegedly failing to communicate is erroneous as a matter of law where a natural parent's motion for visitation is pending before the domestic relations court during the year preceding and at the time of the filing of the petition for adoption."

All five assignments of error will be addressed together because they all relate to the probate court's application of R.C. 3107.07(A). The statutory provisions that govern adoption ordinarily require the written consent of a minor child's natural parent prior to adoption. See R.C. 3107.06. However, R.C. 3107.07(A) provides that consent will not be required if "the parent has failed without justifiable cause to communicate with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

 A petitioner wishing to adopt has to prove that the natural parent either failed to communicate or failed to provide maintenance and support. See *In re Adoption of McDermitt* (1980), 63 Ohio St.2d 301, 304, 17 O.O.3d 195, 196–197, 408 N.E.2d 680, 682–683. The probate court's judgment made pursuant to R.C. 3107.07(A) that the consent of a natural parent is not required for the adoption of a minor by another is a final order subject to appellate review. *In re Adoption of Johnson* (1995), 72 Ohio St.3d 1217, 651 N.E.2d 429. The question whether justifiable cause exists in a particular case is a factual determination. Therefore, we will not disturb the probate court's finding unless it is unsupported by clear and convincing evidence. *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, paragraph three of the syllabus. The Supreme Court of Ohio has held:

"The question of whether a natural parent's failure to support his or her child has been proven by the petitioner by clear and convincing evidence to have been without justifiable cause is a determination for the probate court, and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph four of the syllabus.

 In determining where the burden of proof lies, the Supreme Court of Ohio has acknowledged that the termination of fundamental parental rights are at stake. *In re Adoption of Holcomb*, 18 Ohio St.3d at 368, 18 OBR at 425, 481 N.E.2d at 620–621. The party petitioning for adoption bears the burden of proving, by clear and convincing evidence, that the parent failed to communicate with the child for the statutory period and that no justifiable cause existed for the failure. *Id.* at 362, 18 OBR at 420, 481 N.E.2d at 616, paragraph four of the syllabus, modifying *In re Adoption of McDermitt, supra.* Although the nonconsenting parent is responsible for articulating a justifiable cause, no burden is to be placed upon the nonconsenting parent to establish that his or her failure was justifiable. *In re Adoption of Anthony* (1982), 5 Ohio App.3d 60, 62, 5 OBR 156, 158–159, 449 N.E.2d 511, 514–515.

■ In appellant's first assignment of error, he contends that appellee failed to show by clear and convincing evidence that appellant failed to communicate with his child. The Ohio Supreme Court has construed "failing to communicate" under R.C. 3107.07(A) as a complete absence of communication for the statutorily defined one-year period. *In re Adoption of Holcomb* at paragraph two of the syllabus. The "failing to communicate" portion of the statute is an objective standard, and courts should not read into the phrase such qualifiers as "meaningfully," "substantially," "significantly," or "regularly." *Id.* at 366, 18 OBR at 423–424, 481 N.E.2d at 619.

■ Applying this objective standard, the probate court did not err by finding that appellant failed to communicate with his child for a one-year period for several reasons. First, the facts are uncontested that appellant and his child had not communicated during the one-year period. Second, although appellant's mother sent cards to her grandchild, appellant was not involved in the sending.

Appellant's first assignment of error is overruled.

Appellant's second, third, and fifth assignments of error propose that the probate court erred by finding that appellant lacked a justifiable cause for failing to communicate with his son for the one-year period. He argues that Mother's actions coupled with his efforts of showing up to a visitation meeting and seeking court relief to enforce and augment his visitation rights established justifiable cause.

The Supreme Court of Ohio has held:

"Significant interference by a custodial parent with communication between the non-custodial parent and the child, or significant discouragement of such communication, is required to establish justifiable cause for the non-custodial parent's failure to communicate with the child." *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 18 OBR 419, 481 N.E.2d 613, at paragraph three of the syllabus.

Determining whether an interference is significant requires a court to look at the particular facts of the case at hand and also to consider the custodial parent's conduct and the noncustodial parent's efforts. For instance, the Supreme Court has found that a custodial parent who moved, maintained an unlisted phone number, and refused to provide even a scintilla of information to the noncustodial parent created a significant interference and thereby a justifiable cause for the noncustodial parent's failure to communicate. *Id.* at 369, 18 OBR at 426, 481 N.E.2d at 621. Sufficient interference was also established when a custodial parent acknowledged that she declined to permit visitation by the noncustodial parent, threatened to seek an increase in the noncustodial parent's child support payments if the noncustodial parent insisted upon seeing his children, and told the noncustodial parent she did not want him to see his children. *In re Adoption*

*of Hupp* (1982), 9 Ohio App.3d 128, 132, 9 OBR 192, 196–197, 458 N.E.2d 878, 883–884. Likewise, this court determined that a custodial parent made a concerted effort to thwart the noncustodial parent's communication with his children when the custodial parent either threw away or refused and returned letters from the noncustodial parent to his children. *In re Adoption of Lauck* (1992), 82 Ohio App.3d 348, 352–353, 612 N.E.2d 459, 461–462.

Appellant showed up for the December 29, 1994 meeting, and Mother and John Doe failed to appear. Thereafter, appellant again sought relief in the courts to enforce and augment his visitation rights. Based on the conduct of Mother and the efforts of appellant, a significant interference was established. Therefore, appellee failed to show by clear and convincing evidence that appellant did not possess a justifiable cause for failing to communicate with his child for the entire one-year period. Consequently, the probate court erred by concluding that appellant had failed to communicate with his child without justifiable cause.

The probate court's determination that no justifiable cause existed was against the manifest weight of evidence. Appellant's second, third, and fifth assignments of error are sustained.

In his fourth assignment of error, appellant argues that his consent is required. The above discussion of the previous assignments of error indicate that the probate court erred by finding that appellant's consent was not mandated in order for appellee to adopt the child. Under R.C. 3107.06, a petitioner must meet the requirements of R.C. 3107.07 in order to bypass the consent requirement. Because petitioner failed to show that R.C. 3107.07 applies in this case, appellant's consent is required. Thus, appellant's fourth assignment of error is sustained.

Appellant's second, third, fourth, and fifth assignments of error are sustained. Appellant's first assignment of error is overruled. This court finds that the probate court's finding that appellant failed to communicate with his child for one year without justifiable cause was against the manifest weight of evidence. The judgment of the trial court is reversed.

*Judgment reversed*
*and cause remanded.*

DICKINSON, P.J., and REECE, J., concur.