[Cite as *In re D.R.*, 2011-Ohio-4755.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11 BE 11 |
| | ) | |
| D.R. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |


CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
Pleas, Probate Division, of Belmont
County, Ohio
Case No. 10 AD 22

JUDGMENT:    Affirmed.

APPEARANCES:

For Appellees:    Atty. Tracey Lancione Lloyd
3800 Jefferson Street
P.O. Box 560
Bellaire, Ohio 43906

For Appellant:    Atty. Joseph A. Vavra
132 West Main Street
St. Clairsville, Ohio 43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: September 14, 2011

WAITE, P.J.

**{1}** Appellant Clark Butler, father of minor child D.R., appeals the judgment of the Belmont County Court of Common Pleas granting the petition of adoption filed by Appellees Patricia and Timothy Ray. In granting the petition, the court found that Appellant's consent to the adoption was not necessary because he had failed to provide maintenance and support to the child, without justifiable cause, for at least one year prior to the placement of the child in Appellees' home. Appellant argues that he was incarcerated when the adoption petition was filed, and that his incarceration should not have been used against him when determining whether his consent to adoption was required. The record reflects that the court was aware of Appellant's incarceration but did not use it as a factor in determining that his consent was not necessary. Instead, the court relied on the fact that Appellant had paid no child support from 2004-2006. Appellant, who was represented by an attorney, made no attempt to present any facially justifiable claim why he did not provide any maintenance and support for the child for more than two years prior to placement of the child in Appellees' home. The judgment of the trial court is affirmed.

<u>Case History</u>

**{2}** D.R. was born on September 16, 2003. Nicole L. Ray is the child's mother and Appellant is the father. On April 1, 2004, Appellant was ordered to pay child support in the amount of $50 per month. On April 5, 2006, Appellees obtained legal custody of the child by decree of the Belmont County Juvenile Court.

**{3}** On November 17, 2010, Appellees filed a petition for adoption. The petition alleged that neither parents' consent was required for the adoption. Notice of

the petition was sent to Appellant at the Huttonsville Correctional Center in Huttonsville, West Virginia. On November 27, 2010, Appellant filed a pro se objection to the adoption. The objection was based on Appellant's belief that D.R.'s biological grandmother would be a better custodian of the child. On December 28, 2010, the court appointed counsel to represent Appellant in the adoption proceedings.

{4} The court held a hearing on March 4, 2011, to resolve an issue as to whether parental consent was required for the adoption. Shannon Weekley of the Belmont County Department of Jobs and Family Services testified that Appellant's first child support payment was not made until November 19, 2007, and then in the amount of $5.04. (3/4/11 Tr., p. 10.) Appellant made a few payments in 2009, all under $15 each. On cross-examination, Weekley testified that she was aware that Appellant was in prison, that his child support payments came from prison, and that Appellant had made some child support payments from January through June of 2010. Appellant did not present any evidence to add to or challenge Weekley's testimony. The probate court filed a judgment entry on March 4, 2011, finding that the natural parents' consent to adoption was not required. The court filed its final decree of adoption on March 18, 2011. This appeal followed on April 1, 2011.

{5} A judgment entry finding that consent to adoption is not necessary is a final appealable order. *In re Greer* (1994), 70 Ohio St.3d 293, 638 N.E.2d 999, paragraph one of the syllabus. Although Appellant's notice of appeal states that he is appealing the judgment entry of adoption filed March 18, 2011, the entry he is

actually appealing (dealing with the issue of consent to adoption) was filed March 4, 2011. Despite Appellant's misunderstanding as to which entry he was appealing, the notice of appeal filed on April 1, 2001, appealing the entry filed on March 4, 2011, was filed within the required 30-day appeal period set forth in App.R. 4(A).

<u>ASSIGNMENT OF ERROR</u>

**{6}** "THE TRIAL COURT ERRED BY FAILING TO RECOGNIZE THE INCARCERATION OF FATHER-APPELLANT AS JUSTIFIABLE CAUSE TO NOT PAY SUPPORT FOR A PERIOD OF ONE YEAR IMMEDIATELY BEFORE FILING OF THE PLACEMENT PROCEEDINGS."

**{7}** Appellant argues that the trial court should not have found that his consent to adoption was unnecessary. He argues that he was incarcerated prior to D.R.'s placement in Appellees' home, and prior to the filing of the adoption petition. He submits that his incarceration is justifiable cause for not making support payments, and for that reason, his consent was required for the adoption to be finalized. Appellant's argument is not persuasive.

**{8}** The United States Supreme Court has recognized that natural parents have a fundamental liberty interest in the care, custody, and management of their children. *Stanley v. Illinois* (1972), 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551; *Santosky v. Kramer* (1982), 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599; *Troxel v. Granville* (2000), 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49. An adoption affects these fundamental interests because it permanently terminates the parental rights of a natural parent. *In re Adoption of Reams* (1989), 52 Ohio App.3d

52, 55, 557 N.E.2d 159. Courts must afford the natural parent every procedural and substantive protection allowed by law before depriving the parent of the right to consent to the adoption of his or her child. *In re Hayes* (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680.

{9} An appellate court will not disturb a trial court's decision on an adoption petition unless it is against the manifest weight of the evidence. *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 492 N.E.2d 140. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Similarly, a reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. *Myers v. Garson* (1993), 66 Ohio St.3d 610, 614 N.E.2d 742.

{10} Once a petition of adoption is filed, the petitioner must generally obtain the written consent of the natural mother and father. R.C. 3107.06. Such consent, though, is not always required. R.C. 3107.07 sets forth a variety of exceptions to the consent requirement. At issue in this appeal is whether the exception in R.C. 3107.07(A) applies to eliminate the need for Appellant to consent:

{11} "(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the

minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner."

{12} Appellant relies on *In re Schoeppner* (1976), 46 Ohio St.2d 21, 345 N.E.2d 608 in support of his argument. Appellant cites the syllabus as authority for the proposition that his incarceration should have prevented the trial court from finding that his consent was not required: "The fact of incarceration in a penal institution does not constitute a willful failure to properly support and maintain a child, within the meaning of R.C. 3107.06(B)(4), so as to vitiate the requirement of consent by both natural parents prior to the entry of a decree of adoption."

{13} Appellant's citation to *In re Schoeppner* is not persuasive, however. First, adoption law in Ohio has significantly changed since *In re Schoeppner*. Prior to 1976, the consent requirement and the exceptions to consent were less extensive than they are today, and most of the provisions were contained in a single statute. See former R.C. 3107.06. In the pre-1976 version of the statute, the adoption petitioner could not evade the parental consent requirement except by proving that the natural parent willfully failed to support and maintain the child. In 1976, the exceptions to the consent requirement were modified and moved to R.C. 3107.07. At that time, the element of willfulness was removed from the consent exception dealing with parental failure to support the minor child. See, e.g., *In the Matter of Glazier* (Oct. 18, 1978), 5th Dist. No. 78-CA-2. *In re Schoeppner*, Appellant's attempted authority, dealt with a pre-1976 adoption petition in which the petitioners needed to

prove that "one or both of the parents have *willfully* failed to properly support and maintain the child for a period of more than two years immediately preceding the filing of the petition". (Emphasis added.) Id. at 23; R.C. 3107.06(B)(4). Thus, it is not clear whether *In re Schoeppner* would be decided the same way today, given that the argument being made in that case was that "the mere fact of incarceration in a penal institution does not constitute a *willful* failure to support a child". (Emphasis added.) Id.

{14} Second, *In re Schoeppner* did not hold that a parent's incarceration prevented a trial court from finding that the consent was not required for an adoption. That Court concluded only that incarceration, in and of itself, did not remove the consent requirement: "[A]lthough the fact of imprisonment might, when combined with other factors, lend support to a finding of a willful failure to support * * * it will not constitute such failure as a matter of law." (Citations omitted.) Id. at 24. Other courts have found that imprisonment, along with other factors, can be used to support a finding that a parent's consent is not needed for an adoption. *In Matter of Adoption of Carter* (Dec. 15, 1995), 4th Dist. No. 95 CA 11; *Dallas v. Dotson* (1996), 113 Ohio App.3d 484, 681 N.E.2d 464; *In re Apanovitch v. Apanovitch* (March 6, 1980), 8th Dist. No. 40469. Some courts have simply held that "[f]inancial failure can not be justified because during part of the time a parent was in prison." *In re Adoption of Devin Scott S.*, 6th Dist. No. L-03-1067, 2003-Ohio-3985, ¶5. In the instant appeal, the fact of Appellant's incarceration was not used as a reason, in and of itself, for the court to conclude that his consent was not required for the adoption. The trial court

reasoned that consent was not required because Appellant completely failed to pay any child support in the years 2004, 2005, and 2006.

{15} Further, Appellant admits that he was not incarcerated in 2004 or for four months in 2005, and does not dispute that no child support payments were made in those time periods. The record reveals that Appellant was first ordered to make support payments in 2004, but did not make his first support payment until November 19, 2007, in the amount of $5.04. Thus, the record establishes that Appellant's incarceration was irrelevant for at least 16 months during which he failed to pay child support. Even if we completely accepted Appellant's argument, it is apparent that there are reasons apart from the fact of his incarceration that explain the trial court's decision.

{16} Appellant is under the mistaken impression that the trial court was required to find that no maintenance and support was provided in the twelve months preceding the filing of the adoption petition. The consent exception in R.C. 3107.07(A) is broader than that. It applies if no maintenance and support is provided for at least one year preceding *either* the filing of the adoption petition *or* the placement of the child in the home of the petitioner. D.R. was placed in Appellees' home on April 5, 2006, and it is this date the court used to determine Appellant's maintenance and support obligations.

{17} Appellant also cites to *In re Adoption of C.L.B.*, 191 Ohio App.3d 64, 2010-Ohio-5190, 944 N.E.2d 1190, in support. Although *In re Adoption of C.L.B.* involved an incarcerated parent who opposed the adoption of the child, the facts of

that case distinguish it from the present appeal. In *In re Adoption of C.L.B.*, the parents of the minor child divorced in 2002, and the father, identified only as "Ben C.", was required to pay child support of $23.26 per month. In August of 2008, Ben began serving a four-year prison term. In October 2009, the child's new stepfather petitioned to adopt the child. He alleged that Ben's consent was not required based on his failure to provide more than de minimis contact or to provide maintenance and support in the year preceding the petition. Ben contested the adoption. At the adoption hearing, a child support enforcement agency caseworker testified that Ben had not paid any child support from June of 2008 through October of 2009, thus establishing that there was no maintenance or support for the twelve months prior to the filing of the petition. Up to this point, *In re Adoption of C.L.B.* and the instant appeal are fairly similar.

{18} The two cases diverge, however, when we look at the mitigating evidence presented to the trial court. In the case at bar, Appellant did not testify or present any evidence in opposition to the adoption petition. In *In re Adoption of C.L.B.*, Ben did testify and also presented other evidence. At hearing, Ben stated that he only earned $18 per month in prison, and that money was used to pay his fines and to purchase hygiene products, snack foods, and postal supplies. He testified that he contacted CSEA to have them take money from his prison account for child support, but that they failed to do so for more than a year. He also stated that he could not write checks to pay child support because it was against prison policy. He testified that he sent various cards and birthday presents to C.L.B. and

that he assumed they had been delivered. He stated that it was difficult to keep in contact with C.L.B. due to many changes in his address, and because he did not have a current phone number.

**{19}** The Third District Court of Appeals examined Ben's testimony in light of the relative evidentiary burdens of the parties involved in the adoption proceeding. The court held that the party petitioning for adoption has the burden of proof, as well as the initial burden of going forward with the evidence, to establish that the biological parents failed to support or to communicate with the child. Id. at 69, citing *In re Adoption of Holcomb* (1985), 18 Ohio St.3d 361, 481 N.E.2d 613, paragraph four of the syllabus. *In re Adoption of C.L.B.* further held that, once the adoption petitioner has established a failure to support or to communicate, the burden of going forward with the evidence shifted to the natural parents to provide a facially justifiable cause for the lack of support or communication. Id. This holding is consistent with *In re Adoption of Masa* (1986), 23 Ohio St.3d 163, 492 N.E.2d 140: "it should be pointed out that the adopting parent has no legal duty to prove a negative. If the natural parent does not appear or go forward with any evidence of justification, obviously the adopting parent has only the obligation of proving failure of support by the requisite standard." Id. at 167; see also, *In re Adoption of Bovett* (1987), 33 Ohio St.3d 102, 515 N.E.2d 919, paragraph two of the syllabus. If the natural parent provides a facially justifiable cause, then the burden of going forward with the evidence returns to the adoption petitioner to establish that alleged cause is not justifiable cause for failing to provide support or communication. Id. The burden of

proof is always on the petitioner, but the burden of going forward with evidence shifts once the petitioner has demonstrated a failure to provide support or communication.

{20} Based on this caselaw, the Third District held that the petitioner did not rebut Ben's claims that he attempted to provide child support and attempted to communicate with the child.

{21} In the instant appeal, the adoption petitioner provided proof of failure to support using the requisite standard. Appellant, however, failed to provide any explanation as to why he did not make any child support payments for at least twelve months prior to the date that Appellees took custody of D.R. Appellant presented absolutely no evidence that he was prevented from making support during any part of the period in question. As earlier stated, incarceration alone is not a justifiable excuse even if it had lasted for the entire period considered by the trial court, which it did not. Due to this key factual difference, Appellant is misplaced in his assertion that the trial court was required to reach the same conclusion as the court in *In re Adoption of C.L.B.*

{22} In conclusion, the record shows that Appellant failed without justifiable cause to provide for the maintenance and support of D.R. for more than twelve months prior to the date Appellees obtained legal custody of the child. Based on this evidence, the trial court concluded that Appellant's consent was not needed for the adoption. Appellant did not rebut this evidence or make any type of argument as to how his incarceration might have affected his ability to provide maintenance and support. On appeal, Appellant contends that the mere fact of his incarceration

should have preserved his right to prevent the adoption by withholding his consent. The cases cited by Appellant in this appeal are inapposite to his argument. The fact that the natural parent was incarcerated prior to the filing of an adoption petition does not, by itself, prevent a court from finding that the parent's consent is not needed for approval of the adoption. In this case, once the failure of support was established, Appellant failed to even raise the fact of his incarceration as a reason for failing to provide support, failed to provide evidence that he attempted and was prevented from providing support and failed to address any other reasons why support was not provided during the period in question. For these reasons, Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.