[Cite as *In re Petition for Adoption of A.M.D.*, 2016-Ohio-6976.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF | ) | CASE NO. 16 MA 0052 |
| THE PETITION FOR ADOPTION OF: | ) | |
| | ) | |
| A.M.D. | ) | |
| | ) | OPINION |
| | ) | |
| | ) | |

CHARACTER OF PROCEEDINGS:      Civil Appeal from the Court of Common
Pleas, Probate Division, of Mahoning
County, Ohio
Case No. 2015 AD 0061

JUDGMENT:                                    Affirmed.

APPEARANCES:

For Appellee Michael Donofrio:        Atty. Lynn A. Maro
Maro & Schoenike Co.
7081 West Boulevard, Suite No. 4
Youngstown, Ohio  44512

For Appellant David DeSalvo:          Atty. Andrew Zellers
Richard G. Zellers & Associates, Inc.
3810 Starrs Centre Dr.
Canfield, Ohio  44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Carol Ann Robb

Dated:  September 22, 2016

WAITE, J.

{¶1} David DeSalvo, Appellant and biological father of A.M.D., appeals a judgment of the Mahoning County Court of Common Pleas, Probate Division, which determined that his consent to A.M.D.'s adoption by Michael Donofrio was not required. The trial court concluded that Appellant failed to have more than *de minimis* contact with the child, without justifiable cause, for more than one year immediately preceding the filing of the adoption petition. Based on the analysis set forth below, Appellant's assignments of error are without merit and the judgment of the trial court is affirmed.

{¶2} Appellant is the biological father of A.M.D. (d.o.b. 02/08/2009). On October 11, 2013 A.M.D.'s mother, Erin Donofrio, married Appellee Michael Donofrio. A.M.D. has resided with her mother, Appellee and Appellee's son since 2011.

{¶3} Appellee filed a petition to adopt A.M.D. on October 2, 2015. The petition alleged that Appellant's consent was not required because he had failed, without justifiable cause, to maintain more than *de minimis* contact with A.M.D. for at least one year immediately preceding the filing of the adoption petition. On October 7, 2015, a notice of hearing on the petition for adoption was filed with the trial court, with a certified mail receipt signed by Appellant on December 1, 2015.

{¶4} On March 2, 2016, the probate court held a hearing to determine whether Appellant's consent was required for the adoption to proceed. A step-parent home study was filed with the court which recommended that it was in A.M.D.'s best interests that the adoption be granted. Appellant, his mother and aunt, Appellee and A.M.D.'s mother all testified.

**{¶5}** Evidence was presented, and Appellant admitted, that he had no visitation with the child since June of 2014. (Tr., p. 124.) Evidence was also presented that Appellant made no telephone calls, sent no cards or letters, and had not in any other way attempted to contact the minor child for over a year. (Tr., pp. 29-33.)

**{¶6}** Appellant testified that he had relapsed into drug addiction and had entered a rehabilitation program from September of 2014 until June of 2015. (Tr., pp. 125, 127.) Appellant alleged that he had called and texted A.M.D.'s mother in an attempt to contact the child. (Tr., p. 131.) Appellant acknowledged that he made no attempt to contact the child from the time of his release in June of 2015 to October of 2015, when the adoption petition was filed. (Tr., p. 139.)

**{¶7}** In the trial court's April 7, 2016, judgment entry, the judge concluded that Appellant's consent to the adoption was not needed as there had been no justifiable cause for Appellant's failure to contact A.M.D. The court recognized that Appellant was in a drug rehabilitation program for a period of months, but observed that nothing had prevented him from contacting A.M.D. at least by phone or mail during that time. Moreover, Appellant made no attempt to contact A.M.D. for the four-month period of time from his release from the rehabilitation program to the date the petition was filed.

**{¶8}** Appellant presents two assignments of error for review:

<u>ASSIGNMENT OF ERROR NUMBER ONE</u>

The Probate Court committed an error by failing to cite the appropriate applicable section of the Ohio Revised Code which applies to this case.

**{¶9}** In his first assignment of error, Appellant contends the trial court erred in citing R.C. 3107.062 in the final judgment entry rather than citing to the relevant statute relating to consent for adoption set forth in R.C. 3107.07.

**{¶10}** Although in its final judgment entry the trial court did cite R.C. 3107.062, this appears merely to amount to a clerical error, as the court's analysis correctly followed the requirements of R.C. 3107.07. The trial court concluded that Appellant was not required to provide consent to the adoption because he failed to meet even the *de minimis* level of contact with A.M.D., without justifiable cause, for one year immediately prior to the date Appellee filed his adoption petition. In addition, at the hearing on the issue, the trial court stated:

> We are here in regards to Case Number 2015 AD 61, the Adoption of [A.M.D.]. We did have some prior conversations before the hearing in my office with counsel, and there was some discussion about the burden of proof and the level of proof that's going to be necessary, and I just want to clarify that before we go any further. 3107.07 says that the burden of proof is by clear and convincing evidence that the birth parent has failed without justifiable cause to provide more than de minimus [sic] contact with the minor for at least one year immediately preceding the filing of the adoption petition or the placement of the minor in the home.

(Tr., p. 6.)

**{¶11}** Therefore, this record demonstrates that the trial court applied the appropriate statute and that the reference to R.C. 3107.062 amounts only to a harmless clerical error. Appellant's first assignment has no merit and is overruled.

<u>ASSIGNMENT OF ERROR NUMBER TWO</u>

The Probate Court committed reversible error when it held that Appellant, David DeSalvo, consent was not necessary in the adoption of his minor child because he failed to maintain more than de minimis contact without justifiable cause.

**{¶12}** In his second assignment of error Appellant asserts the trial court erred in concluding that his failure to contact his child was not justifiable.

**{¶13}** A natural parent has a fundamental interest in the care, custody and management of their children. *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Because it permanently terminates a natural parent's rights, an adoption adversely affects that fundamental right. *In re Adoption of Reams,* 52 Ohio App.3d 52, 55, 557 N.E.2d 159 (1989). While careful review of the evidence is required, this Court has held, "[a]n appellate court will not disturb a trial court's decision on an adoption petition unless it is against the manifest weight of the evidence." *In re D.R.,* 7th Dist. No. 11 BE 11, 2011-Ohio-4755, ¶ 9 citing *In re Adoption of Masa*, 23 Ohio St.3d 163, 492 N.E.2d 140 (1986).

In determining whether a judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all

reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice" that there must be a reversal of the judgment and an order for a new trial.

*Stegall v. Crossman,* 2d Dist. No. 20306, 2004-Ohio-4691, ¶ 29.

**{¶14}** Written consent of a minor child's natural parents is normally required before an adoption can proceed. However, R.C. 3107.07 sets out an exception to consent under certain circumstances. R.C. 3107.07(A) provides:

A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

**{¶15}** The party petitioning for adoption has the burden of establishing, by clear and convincing evidence, the parent at issue failed to communicate with the child, without justifiable cause, for the statutorily mandated one-year period prior to filing the adoption petition. *In re Adoption of Holcomb*, 18 Ohio St.3d 361, 368, 481 N.E.2d 613 (1985). If that burden is met, the parent then has "the burden of going forward with the evidence * * * to show some facially justifiable cause for such

failure." (Emphasis deleted.) *In re Adoption of Bovett,* 33 Ohio St.3d 102, 104, 515 N.E.2d 919 (1987).

**{¶16}** Appellant acknowledges that he last saw or contacted his daughter in June of 2014. Therefore, the key issue is whether his complete absence from A.M.D.'s life for over a year was justifiable. Appellant's argument that his absence was justified rests almost solely in his treatment for drug addiction. Appellant admits he is an addict. Appellant asserts that shortly after he saw A.M.D. in June of 2014, he relapsed and was subsequently admitted into a rehabilitation facility from September of 2014 until June of 2015. Appellant claims that he was discouraged by his counselors from having contact with any family members while in rehabilitation, which inhibited his ability to contact his child. However, at hearing, Appellant and his mother testified that he maintained regular contact with his mother during this period, including off-site visits for lunch and shopping for two hours at a time. (Tr., pp. 79, 87, 130.) Appellant presented no evidence that he or any of his family members contacted A.M.D.'s mother to attempt to arrange any visits between Appellant and A.M.D. during the time Appellant was visiting other family members.

**{¶17}** *De minimis* contact is not defined only as physical visitation with a child. Other forms of contact and support including gifts, cards, letters, financial support and telephone calls are also considered when analyzing whether Appellant maintained the requisite contact. Appellant testified that he attempted to contact A.M.D.'s mother via voicemail and text messages, utilizing his mother's telephone. (Tr., pp. 129-131.) However, A.M.D.'s mother testified that she had maintained the

same home address and cell phone number for several years and received no contact from Appellant regarding conversing with or visiting A.M.D. during the relevant time period. (Tr., p. 47.) While Appellant did present evidence he sent mother text messages prior to the period relevant to this appeal, he submitted no such evidence for the statutory period in question.

{¶18} Appellant claims that he sent a number of gifts and holiday cards to A.M.D. At the hearing, Appellant's aunt testified that she took gifts to A.M.D. on one occasion but testified that they were from other family members. (Tr., p. 74.) Appellant's mother testified that gifts were taken to A.M.D. that purportedly came from Appellant, but admitted that these had no gift tags to indicate from whom they were sent. (Tr., p. 103.) A.M.D.'s mother agreed that neither she nor the child had any contact at all from Appellant from October of 2014 until October of 2015 by means of voice mail, text messages or cards. (Tr., pp. 45-46.)

{¶19} Appellant was released from rehabilitation approximately four months prior to the date Appellee filed the adoption petition. Appellant admits that he made no effort to contact A.M.D. during that time period. (Tr., pp. 137-139.) Appellant contends that he was entirely involved in getting his life back together and finding employment and that he was also concerned that A.M.D.'s mother might have a police report filed against him because she had contacted police to report her harassment by Appellant's mother in 2011. (Tr., pp.137-138.)

{¶20} Ultimately, the trial court was not persuaded by Appellant's testimony and concluded that there was no justifiable cause for Appellant's failure to maintain

more than a *de minimis* contact with A.M.D. for the year immediately preceding the filing of the adoption petition. Under these circumstances, where conflicting testimony is given, the trial court is in the best position to observe the demeanor of the parties and assess their credibility as well as decide the weight to be given to the evidence. *In re A.L.C.*, 7th Dist. No. 14 BE 4, 2014-Ohio-4045, ¶ 8. While Appellant is to be applauded for his efforts at achieving sobriety and overcoming his addiction, this does not provide a blanket waiver from contact with his child while in rehabilitation, just as incarceration does not provide, in itself, justifiable cause for failing to maintain a relationship with one's child. *In re D.R.,* ¶ 22. The record supports the trial court's determination that, despite having ample opportunity to maintain and foster a relationship with his child, Appellant failed without justifiable cause to have more than *de minimis* contact with A.M.D. for one year immediately preceding the adoption petition. The trial court's judgment is not against the manifest weight of the evidence. Appellant's second assignment of error is without merit and is overruled.

{¶21} Based on the foregoing, the trial court did not err in concluding that Appellant's consent was not required in order for the instant adoption to proceed. Appellant's assignments of error are both without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

Robb, J., concurs.