[Cite as *In re D.L.C.*, 2021-Ohio-420.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: D.L.C. | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| | : | |
| | : | |
| | : | Case No. 2020 CA 123 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Probate Division, Case No. 236525

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      February 12, 2021

APPEARANCES:

For Appellant-Father

JEFFREY JAKMIDES
325 East Main Street
Alliance, OH 44601

For Appellee-Petitioner

KRISTEN D. GUARDADO
4600 Beverly Avenue, NW
Canton, OH 44714

*Wise, Earle, J.*

{¶ 1} Appellant-Father, D.A., appeals the July 31, 2020 judgment entry of the Court of Common Pleas of Stark County, Ohio, Probate Division, finding his consent was not required for a petition for adoption. Appellee-Petitioner is step-father, L.C., Jr.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} On February 28, 2020, appellee filed a petition for adoption of his step-daughter, D.L.C. born in October 2009. The child was born to mother, C.C., and appellant. They were never married. At the time of D.L.C.'s birth, appellant was incarcerated. Paternity was established.

{¶ 3} Appellant was released from prison in April 2012 and then incarcerated again from October 2014 to April 2020.

{¶ 4} The petition for adoption alleged appellant's consent was not necessary because appellant failed without justifiable cause to either provide more than de minimis contact with the child or maintenance and support for the child for the period of one year immediately preceding the filing of the petition. Appellant objected to the adoption. A hearing was held on July 13, 2020. By judgment entry filed July 31, 2020, the trial court found although appellant failed to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the petition, he had justifiable cause. However, the trial court found appellant, without justifiable cause, failed to support the child during the one year period preceding the filing of the petition. Therefore, the trial court concluded appellant's consent was not required for the adoption.

{¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶ 6} "THE TRIAL COURT'S FINDING THAT FATHER FAILED WITHOUT JUSTIFIABLE CAUSE TO PROVIDE FOR THE MAINTENANCE AND SUPPORT OF THE MINOR CHILD WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 7} "THE TRIAL COURT'S HOLDING THAT FATHER'S INCARCERATION DID NOT CONSTITUTE A JUSTIFIABLE CAUSE FOR HIS FAILURE TO PROVIDE SUPPORT WAS UNREASONABLE, ARBITARY, AND UNSCONSCIONABLE, AND CONSTITUTES A VIOLATION OF THE FATHER'S 14TH AMENDMENT RIGHT TO EQUAL PROTECTION UNDER THE LAW.  UNDER THE TRIAL COURT'S LOGIC, A WEALTHY PARENT WHO IS INCARCERATED WOULD BE ABLE TO PROVIDE SUPPORT AND WOULD THUS BE ABLE TO OBJECT TO THEIR CHILD BEING ADOPTED.  A POOR PARENT WHO IS INCARCERATED ON IDENTICAL CHARGES WOULD HAVE NO WAY TO PROVIDE SUPPORT AND WOULD THUS BE DENIED THE RIGHT TO OBJECT TO THEIR CHILD'S ADOPTION.  THE GROSS INJUSTICE OF A PARENT'S RIGHT TO OBJECT TO THEIR CHILD'S ADOPTION BEING CONDITIONED ON THEIR WEALTH IS UNCONSCIONALBE AND UNCONSTITUTIONAL AND MUST NOT BE PERMITTED."

I

{¶ 8} In his first assignment of error, appellant claims the trial court's decision that he failed, without justifiable cause, to provide maintenance and support for the child was against the manifest weight of the evidence.  We disagree.

{¶ 9} R.C. 3107.07(A) states the following:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 10} In its judgment entry filed July 31, 2020, the trial court found although appellant failed to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the petition, he had justifiable cause. However, the trial court found appellant "has, without justifiable cause, failed to provide maintenance and support of Child as required by law or judicial decree during the year immediately preceding the filing of the Petition. Therefore the Court find that Father's consent to the Petition is not required." Appellant argues the trial court's decision that he failed, without justifiable cause, to provide maintenance and support for the child was against the manifest weight of the evidence.

{¶ 11} As held by the Supreme Court of Ohio in *In re Adoption of M.B.,* 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, paragraph two of the syllabus:

A probate court determination of whether a financial contribution constitutes maintenance and support for purposes of R.C. 3107.07(A) is

reviewed for an abuse of discretion; but whether justifiable cause for the failure to pay child support has been proved by clear and convincing evidence is a separate question for the probate court and will not be disturbed on appeal unless it is against the manifest weight of the evidence.

{¶ 12} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 13} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 14} On review for manifest weight, a judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction Co.,* 54 Ohio St.2d 279, 376 N.E.2d 578 (1978).

{¶ 15} The petitioner for adoption bears the burden of proof. *In re Adoption of Bovett,* 33 Ohio St.3d 102, 515 N.E.2d 919 (1987), paragraph one of the syllabus. "Although the nonconsenting parent is responsible for articulating a justifiable cause, no burden is to be placed upon the nonconsenting parent to establish that his or her failure was justifiable." *In re Doe,* 123 Ohio App.3d 505, 508, 704 N.E.2d 608 (9th Dist.1997).

{¶ 16} Appellant does not contest the trial court's finding that he failed to provide maintenance and support for the child during the year immediately preceding the filing

of the petition. Appellant's arguments focus on the trial court's finding of "without justifiable cause." In his appellate brief at 6, appellant argues he "provided undisputed evidence to support his theories of justifiable cause, namely his incarceration which prevented him from earning any income with which to provide any support" for the child.

{¶ 17} In *In re Adoption of Z.A.,* 5th Dist. Licking No. 16-CA-05, 2016-Ohio-3159, ¶ 27, this court stated the following:

> Incarceration alone is not a justifiable excuse, even if it lasts for the entire period considered by the court. *In re D.R.,* 7th Dist. Belmont No. 11 BE 11, 2011-Ohio-4755. Rather, incarceration is only one factor to consider when determining whether a parent has justifiable cause for failing to provide maintenance and support for the child. *Frymier v. Crampton,* 5th Dist. Licking No. 02 CA 8, 2002-Ohio-3591.

{¶ 18} In its judgment entry filed July 31, 2020, the trial court found a child support order by any court did not exist; therefore, appellant was "subject to a general duty of support pursuant to R.C. 3103.03." By his own admission, appellant did not provide financial support for the child during the one year period immediately preceding the filing of the petition. T. at 13-14, 32-33. The trial court found appellant's incarceration was the product of his own actions, and he "could have provided some amount of support, even if that support was of limited means while incarcerated. He chose not to provide any support."

{¶ 19} In his appellate brief at 13, appellant argued "the support that he was able to provide consisted of birthday and Christmas gifts delivered" by his mother,

sometimes to the child's mother and sometimes to the maternal grandmother. Appellant's mother testified the last time she delivered gifts was in 2017. T. at 47-48, 55. In its judgment entry filed July 31, 2020, the trial court noted that even if it were to accept that the gifts were actually gifts from appellant and "thereby a means of maintenance and support," the last of those gifts were received well beyond the one year period of time under review.

{¶ 20} Appellant argues the trial court should have considered that mother of the child made no effort to obtain support from him and cites *In re Adoptions of Groh,* 153 Ohio App.3d 414, 2003-Ohio-3087, 794 N.E.2d 695 (7th Dist.), ¶ 46, wherein our colleagues from the Seventh District stated: "when a court decides whether a biological parent was justified in failing to provide support, it should consider whether the custodial parents refused help or failed to ask for help from the biological parent." However, *Groh* was decided before *In re Adoption of B.I.,* 157 Ohio St.3d 29, 2019-Ohio-2450, 131 N.E.3d 28, ¶ 21, wherein the Supreme Court of Ohio acknowledged R.C. 3103.03 sets forth a parent's duty to support his/her children in the absence of a child-support order. "In the absence of a child support order, as in our case, a natural parent has an independent obligation to provide support for his child regardless of whether a request is made." *Matter of Adoption of A.L.R.,* 11th Dist. Geauga No. 2019-G-0210, 2019-Ohio-4320, ¶ 12. *Accord In re Adoption of C.H.B.,* 3d Dist. Crawford No. 3-19-18, 2020-Ohio-979, ¶ 35.

{¶ 21} We find clear and convincing evidence to establish that appellant's failure to provide maintenance or support for the child was not justifiable. Appellant admitted to not providing any support while he was incarcerated for several years preceding the filing of the petition. "Even a meager contribution to the child's support could satisfy the

maintenance and support requirement of R.C. 3107.07(A)." *In re Adoption of T.G.,* 6th Dist. Sandusky No. S-10-003, 2010-Ohio-3219, ¶ 10.   Any gifts to the child stopped beyond the one year period from the filing of the petition.   Further, as held by the Supreme Court of Ohio, "[d]e minimis monetary gifts from a biological parent to a minor child do not constitute maintenance and support, because they are not payments as required by law or judicial decree as R.C. 3107.07(A) requires." *In re Adoption of M.B.,* 131 Ohio St.3d 186, 2012-Ohio-236, 963 N.E.2d 142, paragraph one of the syllabus

{¶ 22} Upon review, we find the trial court's decision to be supported by competent credible evidence and is not against the manifest weight of the evidence.

{¶ 23}   Assignment of Error I is denied.

II

{¶ 24} In his second assignment of error, appellant claims the trial court's finding that his incarceration did not constitute justifiable cause was unreasonable, arbitrary, and  unconscionable, and violates the Equal Protection Clause.   We disagree.

{¶ 25} As acknowledged by appellant in his appellate brief at 15, he did not raise this constitutional challenge to the trial court.   Review of a statute's constitutionality at this stage is discretionary.   *State v. Awan,* 22 Ohio St.3d 120, 489 N.E.2d 277 (1986). We will review appellant's argument and analysis it under the plain error standard.   *In re M.D.,* 38 Ohio St.3d 149, 527 N.E.2d 286 (1988), syllabus.

{¶ 26} Civil plain error is defined in *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 679 N.E.2d 1099 (1997), syllabus, as "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." The *Goldfuss* court at 121, explained the following:

The plain error doctrine originated as a criminal law concept.  In applying the doctrine of plain error in a civil case, reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings.

{¶ 27} "Simply stated, the Equal Protection Clauses require that individuals be treated in a manner similar to others in like circumstances."  *McCrone v. Bank One Corp.,* 107 Ohio St.3d 272, 2005-Ohio-6505, 839 N.E.2d 1, ¶ 6.  "The right to parent one's children is a fundamental right" and adoption extinguishes a natural parent's fundamental right to parent.  *In re C.F.,* 113 Ohio St.3d 73, 2007-Ohio-1104, 862 N.E.2d 816, ¶ 28, citing *Troxel v. Granville,* 530 U.S. 57, 66, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); *In re Adoption of G.V.,* 126 Ohio St.3d 249, 2010-Ohio-3349, 933 N.E.2d 245, ¶ 6.  "Inasmuch as the statutory scheme at issue in this case creates a distinction that involves a fundamental right, it will be upheld under the Equal Protection Clause if it furthers a compelling state interest and is narrowly drawn to serve only that interest." *Matter of L.C.C.,* 10th Dist. Franklin No. 18AP-167, 2018-Ohio-4617, ¶ 26.

{¶ 28} Appellant argues the application of R.C. 3107.07(A) "makes wealth the deciding factor in whether his parental rights can be terminated over his objection." Appellant's Brief at 15.  He argues because he was incarcerated and without the financial means to provide maintenance and support, he loses his fundamental right to

parent his child because he is poor: "[i]t is unconscionable that the size of Father's bank account is the deciding factor in whether his consent is required before his child is adopted and his fundamental right to parent his child is stripped away from him." Appellant's Brief at 17-18.

{¶ 29} The statute does not set a minimum amount for maintenance and support. As stated above in ¶ 21, "[e]ven a meager contribution to the child's support could satisfy the maintenance and support requirement of R.C. 3107.07(A)." *In re Adoption of T.G.,* 6th Dist. Sandusky No. S-10-003, 2010-Ohio-3219, ¶ 10. In *In re Adoption of C.A.H.,* 5th Dist. Knox No. 19 CA 000037, ¶ 29-30, this court affirmed a trial court's denial of a petition to adopt because father's consent was required as he provided support for his child. Although father was incarcerated, he earned approximately $20 per month and approximately $5 was withheld for child support ($2.06/month for child support, $0.41/month on arrears, and a 2% processing fee). In the case sub judice, appellant chose not to provide any support at all. It is fair to say that a wealthy incarcerated parent who chooses to not provide maintenance and support for his/her child without justifiable cause would not be required to give consent under the statute as well. The wealthy parent would not be treated differently just because of the size of his/her bank account. The focus of the statute is not *how much* maintenance and support is given, but that *some* amount or form is given depending on the facts of the case. The state has a compelling interest to ensure that parents are providing at least minimal support for their children.

{¶ 30} Upon review, we do not find the trial court's finding that appellant's incarceration did not constitute justifiable cause to be a violation of the Equal Protection Clause.

{¶ 31} Assignment of Error II is denied.

{¶ 32} The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/db