[Cite as *In re Adoption of A.D.B.*, 2024-Ohio-5228.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: ADOPTION OF A.D.B. | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| | : | |
| | : | |
| | : | Case No. 2024 AP 06 0025 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Court of Common Pleas, Probate Division, Case No. 2024 AD 03492

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 31, 2024

APPEARANCES:

For Plaintiffs-Appellants

KAREN S. DUMMERMUTH
349 East High Avenue
P.O. Box 494
New Philadephia, OH 44663

For Defendant-Appellee

JOHN P. MAXWELL
P.O. Box 1014
New Philadelphia, OH 44663

*King, J.*

{¶ 1}   Appellants, Rachel McPeek (mother) and Andrew McPeek (stepfather), appeal the May 31, 2024 judgment entry of the Court of Common Pleas of Tuscarawas County, Ohio, Probate Division, denying their petition for adoption of A.D.B.  Appellee is Adam Bitikofer (father).  We affirm the probate court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   Mother and father are the parents of A.D.B. born September 2014.  The parties were never married; father is listed on the child's birth certificate.

{¶ 3}   Mother married stepfather on November 11, 2022.  They reside together with the child.  Father was in prison from February 2023 to April 2024.

{¶ 4}   On March 4, 2024, appellants filed a petition for adoption of A.D.B.  The petition alleged father's consent was not necessary because he failed without justifiable cause to provide for the maintenance and support of the child for the period of one year immediately preceding the filing of the petition (the "consent period").  Father did not consent to the adoption and objected to the petition.  A hearing was held on May 20, 2024.  By judgment entry filed May 31, 2024, the trial court denied the petition, finding mother refused to accept financial assistance from father during the consent period; her refusal constituted justifiable cause for father's failure to comply with his obligation to provide for the child.

{¶ 5}   Appellants filed an appeal with the following assignment of error:

I

{¶ 6} "THE TRIAL COURT'S FINDING THAT MOTHER'S STATEMENTS PROVIDED FATHER WITH JUSTIFIABLE CAUSE FOR HIS LACK OF SUPPORT FOR A.B. WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶ 7} This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

> (E) Determination and judgment on appeal.
>
> The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
>
> The decision may be by judgment entry in which case it will not be published in any form.

{¶ 8} This appeal shall be considered in accordance with the aforementioned rule.

I

{¶ 9} In their sole assignment of error, appellants claim the probate court's denial of the petition for adoption was against the manifest weight of the evidence; specifically, appellants challenge the trial court's reliance on mother's testimony to find justifiable cause for father's lack of support. We disagree with appellants' arguments.

{¶ 10} As this court explained in *In re Adoption of B.T.R.*, 2020-Ohio-2685, ¶ 18 (5th Dist.):

The right of a natural parent to the care and custody of his or her children is one of the most fundamental in law. This fundamental liberty interest of natural parents in the care, custody and management of their children is not easily extinguished. *Santosky v. Kramer* (1982), 455 U.S. 745, 753-754, 102 S.Ct. 1388, 71 L.Ed.2d 599. Adoption terminates those fundamental rights. R.C. 3107.15(A)(1). Any exception to the requirement of parental consent must be strictly construed so as to protect the right of the natural parents to raise and nurture their children. *In Re: Adoption of Schoeppner* (1976), 46 Ohio St.2d 21, 345 N.E.2d 608.

{¶ 11} R.C. 3107.07 governs consents not required for an adoption. Under subsection (A), consent is not required of:

A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

{¶ 12} Appellants' petition alleged father's consent was not necessary because he failed without justifiable cause to provide for the maintenance and support of the child for the period of one year immediately preceding the filing of the petition. In its judgment entry denying the adoption petition, the probate court found mother's refusal to accept financial support from father "is justifiable cause for Dad's failure to comply with his obligation under the law." Judgment Entry filed May 31, 2024.

{¶ 13} As held by the Supreme Court of Ohio, a probate court's decision on justifiable cause for the failure to pay child support must be proven by clear and convincing evidence and will not be disturbed on appeal unless it is against the manifest weight of the evidence. *In re Adoption of M.B.,* 2012-Ohio-236, paragraph one of the syllabus.

{¶ 14} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 15} On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered." *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist. 1983). The Supreme Court of Ohio explained "weight of the evidence" as follows:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis in original.)

*State v. Thompkins,* 78 Ohio St.3d 380, 387, quoting *Black's Law Dictionary* (6th Ed. 1990).

{¶ 16} In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman,* 2012-Ohio-2179.

{¶ 17} The petitioner for adoption bears the burden of proof. *In re Adoption of Bovett,* 33 Ohio St.3d 102 (1987), paragraph one of the syllabus. "Although the nonconsenting parent is responsible for articulating a justifiable cause, no burden is to be placed upon the nonconsenting parent to establish that his or her failure was justifiable." *In re Doe,* 123 Ohio App.3d 505, 508 (9th Dist. 1997).

{¶ 18} In determining the issues of contact and maintenance and support, the Supreme Court of Ohio developed a three-step analysis:

The court must first determine what the law or judicial decree required of the parent during the year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner. Second, the court determines whether during that year the parent complied with his or her obligation under the law or judicial decree. Third, if during that year the parent did not comply with his or her obligation under the law or judicial decree, the court determines whether there was justifiable cause for that failure.

*In re Adoption of B.I.,* 2019-Ohio-2450, ¶ 15.

{¶ 19} Here, the probate court first found a child support order by any court did not exist; therefore, father's obligation of maintenance and support arises under the general duty of support under R.C. 3103.03 which states a "biological or adoptive parent of a minor child must support the parent's minor children out of the parent's property or by the parent's labor." Judgment Entry filed May 31, 2024.

{¶ 20} Second, the probate court found by clear and convincing evidence that father did not provide any financial support or maintenance for the child during the consent period.

{¶ 21} But under the third prong, the probate court found father's failure to comply with his obligation under the law to provide maintenance and support during the consent year was justifiable for the following reasons:

Mom refused to accept financial support from Dad both before and during the Consent Period. During a phone call in July 2023, Dad offered to pay Mom financial support, and Mom replied that she didn't need his money and not to call her again. Mom's refusal to accept financial support from Dad is justifiable cause for Dad's failure to comply with his obligation under the law.

{¶ 22} We find this finding is amply supported in the record. Although mother testified she did not receive any maintenance or support from father during the consent period, she admitted he offered to provide some support, but she declined. T. at 14, 22, 35, 41-42. She stated unless there was a court order in place, she would not have accepted any money from him. T. at 24-25, 47. She stopped taking father's telephone calls in June of 2023 which was during the consent period. T. at 11, 25. She would not accept anything from father because she was able to support the child and now stepfather could as well. T. at 28, 45. She made it clear to father that she would not accept anything from him. T. at 30, 42.

{¶ 23} Father testified he was incarcerated during the consent period and was currently in a halfway house. T. at 49-50. He did not have any income while in prison. T. at 52-53, 58-59. He told mother in telephone calls he wanted to pay child support, but she said she would not accept support from him and blocked his phone calls. T. at 58, 71. Mother "always told me, I don't want your money, I don't need your money." *Id.* at 58. Father never attempted to set anything up through the Child Support Enforcement Agency because "she told me she wasn't gonna accept it anyway." T. at 60.

{¶ 24} In *In re Adoption of Z.A.,* 2016-Ohio-3159, ¶ 27 (5th Dist.), this court stated the following:

> Incarceration alone is not a justifiable excuse, even if it lasts for the entire period considered by the court. *In re D.R.,* 7th Dist. Belmont No. 11 BE 11, 2011-Ohio-4755. Rather, incarceration is only one factor to consider when determining whether a parent has justifiable cause for failing to provide maintenance and support for the child. *Frymier v. Crampton,* 5th Dist. Licking No. 02 CA 8, 2002-Ohio-3591.

{¶ 25} In *Z.A.,* the trial court found incarcerated father did not have justifiable cause for failing to support his child. In affirming the trial court's decision, this court found "there is no evidence appellant made an attempt to support his child and there is no evidence he was prevented from providing some support during the period in question." *Id.*

{¶ 26} But here, father offered to provide some sort of support, but mother refused any support and told him she would not accept any support from him unless a court order was in place. At some point in the past mother had filed a custody action, but voluntarily dismissed the action before custody and support orders could be entered. T. at 21. Because mother refused to accept support from father and refused to take his telephone calls, he was effectively prevented from providing support during the consent period. It is disingenuous for mother to refuse any offer of maintenance and support and then allege in the petition that father failed to provide maintenance and support during the consent

period. *See In re Adoption of Williams,* 1998 WL 346853 (5th Dist. June 4, 1998) (finding of justifiable cause due to mother's refusal to accept father's offer of support affirmed).

{¶ 27} We find clear and convincing evidence to establish that father's failure to provide maintenance or support for the child was justifiable.

{¶ 28} Upon review, we find the probate court's decision to be supported by competent credible evidence and is not against the manifest weight of the evidence.

{¶ 29} The sole assignment of error is denied.

{¶ 30} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Probate Division is hereby affirmed.

By King, J.

Delaney, P.J. and

Baldwin, J. concur.